[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10498

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

_versus_

BRYAN EVERAL PITTMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:23-cr-00057-WLS-TQL-1

_____

Before ROSENBAUM, JILL PRYOR, and ABUDU, Circuit Judges.

PER CURIAM:

Bryan Pittman appeals his conviction for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). For the first time on appeal, he argues that § 922(g)(1) is unconstitutional, both facially and as applied, under the Second Amendment. Because he has not shown plain error, we affirm.

## I.

After a police officer observed Pittman possess a firearm, Pittman pleaded guilty to one count of possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1). In the criminal case, the district court imposed a 110-month sentence. This is Pittman's appeal.

## II.

On appeal, Pittman challenges the constitutionality of 18 U.S.C. § 922(g)(1), which generally prohibits individuals with felony convictions from possessing firearms. He argues that § 922(g)'s prohibition, both on its face and as applied to him, runs afoul of the Second Amendment.

Ordinarily, when a defendant enters a valid guilty plea, he waives any non-jurisdictional defects in the proceedings. *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). But Pittman's guilty plea did not waive his constitutional challenge to the statutory prohibition on felons' possession of firearms. *See Class v. United*

*States*, 583 U.S. 174, 181 (2018) (holding that a defendant who pleaded guilty did not waive his Second Amendment challenge to a statute of conviction when the claim did not "contradict the terms of the indictment or the written plea agreement").

We generally review *de novo* the constitutionality of a statute. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). But because Pittman raises his Second Amendment challenge for the first time on appeal, we review for plain error only. *Id.* To prevail under this standard, Pittman must show that "(1) there was an error, (2) the error was plain or obvious, (3) the error affected [his] substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Anderson*, 1 F.4th 1244, 1268–69 (11th Cir. 2021).

Pittman's challenge to his conviction fails because he cannot demonstrate plain error. "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Morales*, 987 F.3d 966, 976 (11th Cir. 2021) (internal quotation marks omitted). Pittman has not pointed to any decision from the Supreme Court or this Court holding that § 922(g)(1) is unconstitutional under the Second Amendment, either facially or as applied to a particular defendant. Instead, this Court has repeatedly rejected similar challenges to § 922(g). *See, e.g.*, *United States v. Dubois*, No. 22-10829, __ F.4th __, 2025 WL 1553843 (11th Cir. June

4                    Opinion of the Court                    24-10498

2, 2025). Under these circumstances, Pittman has not established plain error. Accordingly, we affirm his conviction.

**AFFIRMED.**